UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-62117-CV-MIDDLEBROOKS/Reid
(11-60285-CR-MIDDLEBROOKS)

TERRANCE LACLIFFE BROWN,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

THIS CAUSE comes before the Court on Magistrate Judge Lisette Reid's Report, issued on January 21, 2021. (DE 9). The Report recommends denying Movant Terrance LaCliffe Brown's Motion to Vacate, pursuant to 28 U.S.C. §2255.

The deadline for Movant to file objections expired on February 4, 2021. Movant filed no objections by that date, so I adopted the Report and closed this case on February 8, 2021. (DE 10). Then, on February 19, 2021, Movant filed a motion to reconsider and request to permit late-filed objections, asserting that he had not received a copy of the Report in time to prepare his objections. (DE 13). In an abundance of caution and to afford Movant an opportunity to respond to the Report, I reopened the case and set a deadline of April 21, 2021 for Movant to file his objections. (DE 19). Thereafter, Movant timely filed his objections. (DE 23).

I have conducted a de novo review of Judge Reid's Report, the record in this case, and I have considered the applicable law.[1] I have also considered Movant's objections, and I find that

---

[1] After Judge Reid issued her Report, the Eleventh Circuit has now made clear that, on collateral review, it is Movant's burden to demonstrate that the jury relied upon the invalid predicate offense and not on any of the remaining legally valid predicate offenses to support a § 924(c) conviction. *See Granda v. United States,*

they lack merit. Accordingly, I continue to agree with Judge Reid's recommendations and I now reaffirm my prior ruling adopting her Report.

Further, I find that Movant cannot make "a substantial showing of the denial of a constitutional right" sufficient to support the issuance of a Certificate of Appealability. *See* 28 U.S.C. § 2253.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) The Report (DE 9) is **ADOPTED IN PART** consistent with the clarification set forth in this Order.

(2) Movant's Objections (DE 23) are **OVERRULED.**

(3) Movant's Motion to Vacate pursuant to 28 U.S.C. § 2255 (DE 1) is **DENIED.**

(4) No certificate of appealability shall issue.

(5) Final Judgment shall be entered by separate Order.

**SIGNED** in Chambers at West Palm Beach, Florida, this 20th day of May, 2021.

Donald M. Middlebrooks
United States District Judge

---

990 F.3d1277, 1288, n. 2 (11th Cir. 2021).  Where, as here, the invalid predicate offense is inextricably intertwined with any of the valid predicate offenses, Movant cannot overcome the procedural default of his claim, because he cannot demonstrate actual prejudice. *See Granda,* 990 F.3d at 1289-90.  As found correctly by Judge Reid in her Report, the Hobbs Act robbery conspiracy charged in Count 1 was inextricably intertwined with Movant's charges for attempted and substantive Hobbs Act robbery.  Thus, I find Judge Reid's conclusion that Movant had not met his burden of proof compelling even under current Eleventh Circuit precedent. *See Granda,* 990 F.3d at 1296; *Foster v. United States,* No. 19-14771, 2021 WL 1742267, at *1 (11th Cir. May 4, 2021) (accord); *Parker v. United States,* No. 19-14943, 2021 WL 1259432, at *6 (11th Cir. Apr. 6, 2021). In light of *Granda* however, I do not adopt Judge Reid's finding that Movant succeeded in establishing cause to excuse his procedural default due to the novelty of the claim.

Copies to: Magistrate Lisette Reid
Counsel of Record
Terrance Lacliffe Brown, Pro Se
# 63666-004
Coleman Medium
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1032
Coleman, FL 33521